IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAY BRENT VINEYARD | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv93 |
| WARDEN M. UPSHAW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jay Brent Vineyard, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 2254. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for disposition.

Factual Background

Petitioner complains of inadequate access to the law library and inadequate legal research materials. He also complains about the food served and the lack of access to recreation.

Analysis

A petition for writ of habeas corpus may only be used to challenge the fact or duration of an inmate's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 483 (1973); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). A finding in petitioner's favor in this matter will not have a direct effect on the fact or duration of his confinement. As his claims are therefore not cognizable in a petition for writ of habeas corpus, this petition should be dismissed.[1]

---

[1] Plaintiff's claim could conceivably be pursued in a civil rights action. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981) (a civil rights lawsuit is the appropriate form of action for an inmate seeking to challenge unconstitutional conditions of confinement). Under other circumstances, the court might convert the petition into a civil rights lawsuit. However, such action would make petitioner responsible for the $350 filing fee applicable to civil rights actions. If petitioner wishes the court to convert his petition into a civil rights lawsuit, he

Recommendation

This petition for writ of habeas corpus should be dismissed.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

SIGNED this 27th day of April, 2022.

_____
Zack Hawthorn
United States Magistrate Judge

---

should so notify the court.